```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


MARIA I. COX,                       :

      Plaintiff,                    :

vs.                                 :
                                          CIVIL ACTION 11-0483-M
MICHAEL J. ASTRUE,                  :
Commissioner of
Social Security,                    :

      Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits.  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. *).  Oral argument was waived in this action (Doc. 18).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED**, and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was forty-two years old, had completed a high school education[1] (Tr. 54), and had previous work experience as a nurse assistant (Doc. 13 Fact Sheet). In claiming benefits, Cox alleges disability due to degenerative joint disease of the knee, obesity, hypertension, anxiety disorder, and depression (*id.*).

Plaintiff filed a protective application for disability on January 15, 2009 (Tr. 148-51; *see* Tr. 16). Benefits were denied following a hearing by an Administrative Law Judge (hereinafter

---

[1] **Error! Main Document Only.**Plaintiff testified that she had received a Graduate Equivalency Degree (Tr. 54).

*ALJ*) who determined that although she could not perform her past relevant work, there were specific light work jobs which Cox could perform (Tr. 16-28).  Plaintiff requested review of the hearing decision (Tr. 11-12) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Cox alleges that:  (1) The ALJ did not properly consider the opinions and diagnoses of her treating physician; and (2) the ALJ did not adequately explain why he rejected her testimony (Doc. 13). Defendant has responded to—and denies—these claims (Doc. 14). The relevant medical evidence of record follows.

On August 28, 2006, Dr. Mohammed Nayeem, a family practitioner, examined Plaintiff and noted that she was an obese woman in no acute distress with no pain or discomfort; he further noted that she did not have edema, cyanosis, anemia, jaundice, pigmentation, or skin eruptions (Tr. 242-45).  The doctor noted normal range of motion (hereinafter *ROM*) in Cox's neck, upper and lower extremities, and back; though there was some crepitus palpable in the left knee, movement of both knee joints was full, unrestricted, and free of pain (Tr. 244). Nayeem noted normal gait and that Plaintiff could perform

3

heel/toe walking and squatting; he specifically noted that there were no signs of any joint disease or swelling.  The physician's diagnoses were exogenous obesity and chronic degenerative joint disease of the left knee and also some of the right knee; his conclusion was as follows:

> This lady can perform mild to moderate activity.  As per her own statement, she can walk for an hour and can sit without any problem.  She may not be able to perform strenuous physical activity like jogging, jumping, sprinting, etc., or going up and down the steps quickly.  She can use her arms and legs.  No problem in using the lower back.

(Tr. 245).

On March 15, 2007, Cox was examined by Dr. Huey Kidd, D.O., who noted that Plaintiff was obese with full ROM and strength in both upper and lower extremities; she could heel and toe walk, bend and touch her toes, and squat and stand without difficulty (Tr. 249-50).  He did note that she walked with a limp.  The doctor's impression was knee pain and probable arthritis.

Records from the Jackson Medical Center Urgent Care demonstrate that Dr. Ikram Hussain first saw Plaintiff on February 21, 2006 for hyperlipidemia and panic attacks (Tr. 263; *see generally* Tr. 252-75).  On July 13, Cox complained of being

stressed; the doctor's impression was anxiety and depression for which he prescribed Lexapro[2] (Tr. 262).  Hussain noted no changes a month later (Tr. 261).  On April 11, 2007, Plaintiff stated that she had fallen, resulting in left ankle pain; noting that an x-ray revealed no fracture, dislocation, or acute trauma, the doctor determined it was a sprain and prescribed Lortab[3] (Tr. 260, 273).  A week later, Cox was admitted to the hospital to treat cellulitis in the lower extremity with neurovascular compromise secondary to swelling; at discharge, two days later, Hussain noted that she was walking without difficulty and that thee had been a significant reduction of swelling in the extremity (Tr. 274-75).  A week after the hospitalization, Cox indicated that she was "doing pretty good" (Tr. 258).  The doctor saw Plaintiff on September 21 for something in her eye (Tr. 257).

On October 2, 2008, Dr Hussain completed a physical capacities evaluation (hereinafter *PCE*) which indicated that Cox was capable of sitting for three hours and standing/walking for two hours at a time and that she could sit for five hours and

---

[2]*Lexapro* is indicated for the treatment of major depressive disorder.  **Error! Main Document Only.***Physician's Desk Reference* 1175-76 (62nd ed. 2008).

[3]**Error! Main Document Only.***Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain." *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

5

stand/walk for four hours in an eight-hour day (Tr. 251).  He further indicated that Plaintiff could lift up to five pounds for four hours, ten pounds for three hours, and twenty pounds for two hours a day; she could carry up to ten pounds for three hours and twenty-five pounds for three hours a day.  Although Cox could not perform fine manipulation, she would have no difficulty with simple grasping or using arm controls; she could not, however, use her right leg for foot controls though she could use her left leg for that purpose.  Hussain also indicated that Plaintiff could bend and squat for three hours, crawl and climb for two hours, and reach for one hour during an eight-hour workday.  The doctor further indicated that she would not be able to work at this pace without missing more than two days of work a month.

On October 4, 2008, Cox complained of right knee pain after having fallen a month earlier; Hussain determined it was a ligament injury/knee sprain for which he prescribed Mobic[4] (Tr. 256).  Six days later, following an ER visit, Plaintiff was seen for a fracture of the fifth metatarsal of the right foot (Tr.

---

[4]**Error! Main Document Only.**_Mobic_ is a nonsteroidal anti-inflammatory drug used for the relief of signs and symptoms of osteoarthritis and rheumatoid arthritis.  _Physician's Desk Reference_ 855-57 (62nd ed. 2008).

6

255).  On November 2, the doctor added Ultram[5] and Elavil[6] to the Lexapro prescription she was already taking (Tr. 254).  On January 21, 2009, Cox complained of pain in her neck, radiating down into her back, hurting between the shoulder blades; Dr. Hussain's impression was hypertension, depression, and lower back pain (Tr. 253).  On April 7, Plaintiff complained of right knee pain and swelling along with back pain; the doctor's notes indicate no particular treatment (Tr. 308).  Cox was seen on June 1 for an abscess under the left arm; he prescribed lortab for her back pain (Tr. 307).  On October 1, Plaintiff received a flu shot (Tr. 305).  On December 19, Hussain noted swelling of Cox's face and neck and indicated that she suffered from chronic pain (Tr. 304).  On April 21, 2010, Plaintiff complained of left elbow pain (Tr. 303).

On June 22, 2010, Dr. Hussain completed an assessment of pain form in which he indicated that Cox suffered from pain but that it did not prevent functioning in everyday activities or work although physical activity would greatly increase her pain, distracting her from whatever she was doing (Tr. 310).  He

---

[5] **Error! Main Document Only.**Ultram is an analgesic "indicated for the management of moderate to moderately severe pain." *Physician's Desk Reference* 2218 (54th ed. 2000).

[6] **Error! Main Document Only.**Amitriptyline, marketed as *Elavil*, is used to treat the symptoms of depression. *Physician's Desk Reference*

further indicated that her pain—or the side effects of Lortab—could be expected to be severe and limit her effectiveness due to distraction, inattention, and drowsiness; Hussain said that she was restricted from lifting heavy objects (Tr. 311). The doctor did not answer a query as to whether Cox could engage in any form of gainful employment on a repetitive, competitive, and productive basis (Tr. 311).

At the first evidentiary hearing,[7] Plaintiff testified that her main problem was her right knee which gives out on her if she stands for too long (Tr. 54); she also stated that if she sits for too long, her knee begins to hurt, radiating into the hip (Tr. 58). Cox could drive, but only for short distances (Tr. 59). She testified that she takes pain medication which controls her pain and causes no side effects (Tr. 61). Cox experiences arthritis in her hands, shoulder, left knee, and lower back (Tr. 62).

This concludes the evidence of record.

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physicians. Cox specifically refers to the conclusions of Dr. Hussain (Doc. 13, pp. 3-5). It should be

---

3163 (52nd ed. 1998).

noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[8] *see also* 20 C.F.R. § 404.1527 (2011).

In his determination, the ALJ summarized the medical evidence, but afforded little weight to Dr. Hussain's opinions (Tr. 24-25). In reaching this decision, the ALJ noted that the PCE which he had completed was internally inconsistent and inconsistent with his own office notes; he went on to note that the examinations of Drs. Nayeem and Kidd "revealed objective support of a capacity to function starkly inconsistent with the degree of limitations in the physical capacities evaluation [of Dr. Hussain] including the demonstrated exertional and postural capacity" (Tr. 24). The ALJ also found that Hussain's pain assessment was inconsistent with his own office notes and the other evidence of record (Tr. 24).

The Court finds substantial support for the ALJ's rejection of the limitations found by Dr. Hussain. The ALJ correctly

---

[7]Cox did not testify at the second hearing (*see* Tr. 32-49).
[8]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent

9

noted that Drs. Kidd and Nayeem did not find Cox to be as impaired as Dr. Hussain had indicated.  Furthermore, the treating doctor's own office notes do not support the limitations suggested.  Plaintiff's claim otherwise is without merit.

Cox next claims that the ALJ did not adequately explain why he rejected her testimony.  Plaintiff asserts that the ALJ was not specific enough in his rejection of her limitations (Doc. 13, pp. 4-5).  The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

In his decision, the ALJ, pointing to Dr. Nayeem's examination notes, stated the following:

> Objective evidence during the relevant period do [sic] not support the claimant's allegations regarding the nature of the exertional and postural restrictions caused by these symptoms of back pain as alleged. Physical examination of the back revealed no tenderness or swelling.  Musculature and range of motion was normal, with diagnostic testing negative.  Locomotor function was normal and did not provide evidence that the claimant was substantially limited.

---

decisions of the former Fifth Circuit rendered prior to October 1,

(Tr. 20). At another point in the determination, the ALJ stated that "[t]he objective medical evidence supports the claimant suffers from a number of physical impairments, but the evidence continues to support a significantly higher level of functioning than alleged by the claimant" (Tr. 24). The ALJ also made the more specific findings that follow:

> The claimant alleged that she was unable to lift more than 5 pounds, unable to squat, bend, stand, reach, or walk, and that physical activity exacerbated the pain (Exhibit 5E). However, the claimant was found to have a normal gait, was able to walk on her own, and showed no signs of any joint disease or swelling. She was able to climb on and off the examination table and dress without difficulty. Subsequent examination again found the claimant's range of motion was normal, and the claimant was able to ambulate normally. The claimant indicates that she used an assistive device in the form of a cane as well as a brace, but consultative examination during the relevant period provided the claimant was able to walk on her own without the use of a cane three months prior to the claimant's date last insured (Exhibits 2F, 4F, and 6F). The objective medical evidence fails to support the claimant's allegations regarding the symptoms and limitations caused by her impairments.

(Tr. 24). The ALJ also specifically noted that although Cox indicated that she received assistance in daily chores, the

---

1981.

11

evidence did not demonstrate that she was as limited as she claimed (Tr. 26).

The Court finds substantial support for these conclusions and further notes that they are very specific.  Plaintiff has failed to direct this Court's attention to evidence which contradicts these findings.

In summary, Cox has raised two different claims in bringing this action.  Both have been found to be without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.

Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 22nd day of March, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE